## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE GAYTAN,

       Plaintiff,

v.                                        CIV. 02-1492 LAM

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 15)* and Memorandum in Support of the motion *(Doc. 16)* filed on May 23, 2003. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion, Defendant's response to the motion *(Doc. 17)* and relevant law. Additionally, the Court has carefully reviewed and considered the entire administrative record (hereinafter, "R."). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **DENIED** and the decision of the Commissioner of Social Security (hereinafter "Commissioner") **AFFIRMED**.

### I. Procedural History

Plaintiff, Jose Gaytan, filed an application for disability insurance benefits on July 27, 2000. *(R. at 50-52.)* In connection with his application, he alleged a disability since December 1, 1999, due to a back injury resulting in a herniated disk. *(R. at 72.)* Plaintiff also alleged nerve damage causing

back and leg pain, and bladder and bowel incontinence. *(R. at 72.)* Plaintiff's application was denied at the initial and reconsideration levels. *(R. at 29-34, 37-39.)*

The Administrative Law Judge (hereinafter, "ALJ") conducted a hearing on February 26, 2002. *(R. at 296-329.)* Plaintiff was represented at the hearing by an attorney. *(R. at 28, 298.)* On July 13, 2002, the ALJ issued his decision in which he made the following findings, *inter alia*, with regard to Plaintiff pursuant to the sequential analysis set forth in 20 C.F.R. § 404.1520: (1) claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits and is insured for benefits through the date of this decision; (2) claimant has not engaged in substantial gainful activity since the alleged onset of disability; (3) claimant has an impairment or a combination of impairments considered "severe"; (4) claimant's medically determinable impairments do not meet or medically equal a listed impairment; (5) claimant's allegations regarding his limitations are not totally credible; (6) claimant has the following residual functional capacity (hereinafter "RFC"): the ability to lift 20 pounds occasionally, 10 pounds frequently, stand, sit or walk for up to 6 hours in an eight hour day, the need for a sit/stand alternative at his election every 30 minutes, and can occasionally climb stairs, ramps, balance, stoop, kneel, crawl and crouch, but he can never climb scaffolds, ladders, or ropes and should never operate mobile industrial equipment; (7) claimant can perform his past relevant work as a general clerk, security guard or companion and alternatively, there are other jobs existing in significant numbers in the economy that the claimant can perform as identified by a vocational expert; (8) claimant is not "disabled" as defined in the Social Security Act, at any time through the date of the decision. *(R. at 21-22.)*

After the ALJ issued his decision on July 13, 2002, Plaintiff filed a request for review. *(R. at 9-11.)* On October 25, 2002, the Appeals Council issued its decision denying Plaintiff's request

for review *(R. at 7-8.)*, making the ALJ's decision the final decision of the Commissioner.  Plaintiff subsequently filed his complaint for court review of the ALJ's decision on November 26, 2002. *(Doc. 1.)*

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Sec'y. of Health & Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (further citation omitted)).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance.  *See, e.g., Sisco v. U.S. Dep't. of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).

A claimant has the burden of proving his or her disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993); 42 U.S.C. § 423(d)(1)(A).  The Secretary has established a five-step process for evaluating a disability claim.  *Bowen v. Yuckert,* 482 U.S. 137 (1987).  At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulation under 20 C.F.R. Part 404, Subpart P, App.1, or he is unable to perform work

3

he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  *See Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988)  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity ("RFC"), age, education, and prior work experience.  *See Gatson v. Bowen,* 838 F.2d 442, 448 (10th Cir. 1988).

### III.  Plaintiff's Age, Education, Work Experience and Medical History

Plaintiff is currently twenty-nine years old.  *(R. at 50.)*  He completed high school and attended college for one year.  *(R. at 78, 307.)*  During the eight year period prior to the ALJ's decision, Plaintiff worked as a carpenter/laborer, ironworker/laborer, guard, pallets/laborer, clerk, and companion.  *(R. at 73, 307-308.)*  Plaintiff's medical records confirm he suffered a back injury while at work on June 21, 1999. *(R. at 128, 277.)*  According to his medical records, Plaintiff's back shows a "[d]egenerative change in the L5/S1 disc with posterior midline and left posterolateral herniation and distortion of the left anterolateral aspect of the thecal sac at this level."  *(R. at 133, see also, R. at 251.)*  Plaintiff claims to suffer chronic leg and back pain as well as bowel, bladder and erectile dysfunction due to the back injury.  *(R. at 102, 105, 110, 116, 117, 118, 123, 125, 159, 163, 233, 237, 242, 245, 292.)*  However, Plaintiff's problems with bowel, bladder and erectile dysfunction are inconsistently reported and sometimes denied to medical personnel.  *(R. at 159, 212, 255, 263, 271, 274.)*

Following treatment by Plaintiff's primary physicians *(R. at 106, 107-108, 110-111, 114, 119, 128, 126, 125, 232-234, 236-237, 242, 245, 248, 252, 255, 259-262, 263-265, 277-280, 271-273, 267-270, 274-276, 291-293),* physical therapy *(R. at 113, 148, 152)*, two evaluations by neurological surgeons *(R. at 159, 163)*, a psychological assessment *(R. at 142-144),* a neurology consultation *(R.

*at 213)*, and urodynamic testing *(R. at 295)*, Plaintiff's treating physicians chose nonoperative medical treatment. *(R. at 233.)*  Treatment was limited due to a history of allergic reactions to medications. *(R. at 160, 277.)*  Surgery was not indicated due to a lack of objective evidence of neurological deterioration and involvement confirming the multiplicity of Plaintiff's symptoms. *(R. at 162.)*  Since the injury, Plaintiff's physicians restricted his work status to sedentary or light duty with specific, permanent limitations, but never recommended he stop working. *(R. at 106, 108, 111, 114, 116, 119, 123, 124, 132, 248, 270, 275, 280, 292.)*  Plaintiff quit working when his employer no longer had any light duty work available. *(R. at 72, 309-310.)*

## IV.  Discussion/Analysis

The ALJ denied Plaintiff benefits at step four of the five-part sequential analysis for determining disability.  In step four, the ALJ's duty is one of inquiry and factual development. *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) *quoting Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987).  It is not the ALJ's duty to be claimant's advocate; instead, claimant continues to bear the burden of showing that his impairment renders him unable to perform his past relevant work. *Andrade*, 985 F.2d  at 1050.

Plaintiff alleges the ALJ made three errors in denying his claim for benefits.  Specifically, Plaintiff argues that the ALJ:  (1) committed legal error in finding Plaintiff able to perform past work that did not rise to the level of substantial gainful activity; (2) relied on the vocational expert's (hereinafter "VE") testimony that was not supported by substantial evidence while ignoring the VE's testimony that certain jobs were unavailable to an individual with Plaintiff's limitations; and (3) erred in evaluating Plaintiff's credibility.

Defendant argues that the ALJ applied the correct legal standards and his decision that Plaintiff was not disabled is supported by substantial evidence.

## A.  Determination of Ability to Perform Past Work

Social Security regulations define past relevant work simply as "work [the claimant] ha[s] done in the past." 20 C.F.R. §§ 404.1520(e), 416.920(e).  The criteria for evaluating past work experience include duration (sufficient to learn required skills), recency (within the last 15 years), and substantial gainful activity (minimum activity level necessary to be self-sustaining).  20 C.F.R. §§ 404.1565(a), 416.965(a).   In his decision, the ALJ found, based on Plaintiff's residual functional capacity, that Plaintiff could perform his past relevant work as a general clerk, security guard and as a companion. *(R. at 22.)* Plaintiff argues the ALJ erred in finding Plaintiff able to perform past work because the earnings from the past jobs of security guard and clerk did not rise to the level required to be classified as substantial gainful activity (hereinafter "SGA"). *(Doc. 16 at 4-6.)*

Plaintiff points out that the statutory guidelines state that earnings averaging more than $500 per month between January 1990 and June 1999 are presumptively SGA. 20 C.F.R. § 404.1574(b)(2)(i).  Plaintiff's 1996 and 1997 earnings as a security guard averaged only $367 per month and his earnings as a clerk were approximately $440 per month and therefore neither met the presumptive SGA level. *(Docs. 16 at 5, 17 at 7.)*   However, the regulations also provide certain lower amounts, for assessments covering periods before January, 2001, that will ordinarily show when work activity is <u>not</u> SGA. 20 C.F.R. § 404.1574(b)(3).  That amount for the calendar years 1990-2000 is only $300. *(Id.)*  When a claimant's earnings fall between the two amounts (presumptive SGA and presumptive non-SGA), as in this case, a case-by-case evaluation is made using multiple factors. *See generally* 20 C.F.R. § 404.1574(b)(6)(i).  The Court notes that these

earnings levels set forth in the regulations are not dispositive, but merely create a "rebuttable presumption" that the activity is or is not substantially gainful. *See, e.g., Boyes v. Secretary of Health and Human Services*, 46 F.3d 510, 512 (6th Cir. 1994) (presumption created by earnings rebutted by amount and quality of work completed on a daily basis, special arrangements needed, and the level of supervision required).   A case-by-case evaluation was not done here, but the Commissioner concedes that the security guard and clerk positions fail to meet the presumptive SGA earnings level. *(Doc. 17 at 7.)*

The Commissioner instead argues that Plaintiff's past relevant work as a companion does rise to the required earnings level of SGA.  *(Doc. 17 at 8.)*  At the hearing, Plaintiff testified he worked as a companion to an elderly doctor from July to December of 2001 and was paid $4 per hour, 24 hours a day, 7 days a week.  *(R. at 307 - 308.)*   At this rate, Plaintiff was earning above the presumptive SGA level.  The VE stated the companion job, as originally practiced, was close to sedentary work, within the category of work Plaintiff could perform and within the limitations in the hypotheticals posed by the ALJ.  *(R. at 323-324.)*  The Plaintiff did not challenge the characterization of the companion job as past relevant work that he could perform.  Therefore, although it is not clear that all of Plaintiff's past jobs rise to the presumptive earnings level of SGA, the job of companion does, and in conjunction with the VE's evaluation, provides substantial evidence for the ALJ's decision that Plaintiff can return to his past relevant work.

### B.  Reliance on VE's testimony and Alternative Step Five Finding

The information provided to the VE in hypotheticals must accurately reflect all the claimant's impairments.  Testimony elicited by hypothetical questions "that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."

7

*Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)   A vocational expert's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the vocational expert adequately reflects the state of the record.  *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993); *Hargis*, at 1492.   In making the step four finding, the ALJ relied on the testimony of the VE after providing several hypotheticals that included Plaintiff's physical limitations, educational history, skills training, sit and stand requirements, and bowel and urinary problems.  *(R. at 322-328.)* The Court finds that the hypotheticals posed by the ALJ accurately reflect Plaintiff's impairments and limitations including bowel and bladder dysfunction; therefore, the VE's testimony provided substantial evidence to support the ALJ's findings.

Plaintiff argues that the ALJ failed to assess the impact of Plaintiff's bowel and urinary problems on his ability to function in the workplace and failed to adopt the VE's testimony on this factor.  *(Doc. 16 at 7.)*  During the hearing, the ALJ specifically asked Plaintiff to describe his bowel and urinary problems and asked if these problems had caused difficulties during his job as a companion.  *(R. at 314-316.)*  Plaintiff described the embarrassing "leaks" and "accidents" arising from his bowel and bladder dysfunction but stated he was not receiving any medical treatment for these conditions nor wearing protection (such as a diaper).  *(R. at 314-316.)*  The ALJ also asked the VE, who was present at the hearing and heard Plaintiff's testimony, if Plaintiff's bowel and urinary problems would affect his employment possibilities.  *(R. at 326.)*  The VE answered that some of the available positions would be affected, but other positions would not.  *(R. at 326.)*  The VE also noted that while a number of positions would be negatively affected, many people "adopted the Depends, the adult diaper approach to make it possible for them to perform those jobs."  *(R. at 327.)*

Therefore, the VE's evaluation concluded that Plaintiff's bowel and urinary problems would affect but not preclude employment.

In the decision, the ALJ repeatedly notes that Plaintiff reported bowel and urinary dysfunction to his physicians. *(R. at 18, 19, 20.)*  The ALJ also states that the medical evidence indicates Plaintiff's bowel and bladder problems, while "severe," do not meet or medically equal one of the listed impairments. *(R. at 17.)*  At the hearing, the ALJ asked specific questions of both Plaintiff and the VE concerning the impact of these problems in the workplace. *(R. at 314-316, 326.)*  Therefore, the Court cannot characterize the ALJ's failure to specifically comment on the impact of the bowel and bladder dysfunction as having ignored the evidence or the VE's testimony. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence.").

The ALJ found Plaintiff not disabled at step four and, therefore, further evaluation is unnecessary. *See Bartlett v. Heckler*, 777 F.2d 1318, 1319 (8th Cir. 1985)  However, the ALJ had the VE also identify other jobs existing in significant numbers in the economy that Plaintiff can perform and included an alternative step five finding in the decision. *(R. at 21.)*  The integrity of a step four finding of no disability is not compromised by recognition that step five, if it had been reached, would have dictated the same result. *Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994).

Plaintiff challenges the ALJ's alternative step five finding that there are other jobs existing in significant numbers in the economy that Plaintiff can perform. *(Doc. 16 at 6.)*  This challenge is also based on the ALJ's alleged failure to accurately reflect all of Plaintiff's impairments in the hypotheticals posed to the VE.  As stated above, the Court finds that the hypotheticals posed by the

9

ALJ accurately reflect Plaintiff's impairments and limitations and, therefore, the VE's evaluation and testimony constitute substantial evidence upon which the ALJ properly based his decision.

### C.  Credibility Determination

Plaintiff asserts that the ALJ's credibility findings with regard to inconsistencies between Plaintiff's complaints of symptoms and the objective medical evidence are erroneous. *(Doc. 16 at 8, 9.)*  Specifically, Plaintiff cites to various rulings requiring the ALJ to closely and affirmatively link his credibility findings to the evidence and alleges the ALJ erred in assessing great weight to the opinion of Benito Gallardo, Jr., M.D., one of Plaintiff's treating physicians. *(Doc 16 at 9.)*  However, the ALJ set forth the proper legal standard for his credibility analysis and discussed a number of factors in detail.  *(R. at 18-20.)*  The ALJ "must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p."  *(R. at 18.)*

The Plaintiff  alleges the ALJ afforded undue weight to Dr. Gallardo's opinion that Plaintiff exhibited symptom magnification.  *(Doc. 16 at 9.)*  It is axiomatic that the ALJ must give controlling weight to the treating physician's opinion, provided that opinion is well-supported and is not inconsistent with other substantial evidence. *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2001). 20 CFR § 404.1527(d)(2).  The Tenth Circuit has held that factors to be considered in evaluating a treating physician's opinions include the opinion's consistency with other evidence, the length of the treatment relationship, the frequency of examination and the extent to which the opinion is supported by objective medical evidence.  *(Id.)*  It is apparent from the record that Dr. Gallardo had a longstanding relationship with Plaintiff, that he examined Plaintiff on a regular basis, and that his

opinions regarding Plaintiff were largely consistent over time.  The ALJ mentions Dr. Gallardo's opinion when analyzing Plaintiff's credibility; however, the ALJ also reviews the opinions of the other physicians treating Plaintiff.  *(R. at 17-20.)*  The other medical evidence includes a psychological assessment performed by Douglas Whiteside, PhD., treatment notes by Pamela Black, M.D., neurological assessments by Bruce San Filippo, M.D. and Jeffrey Johnson, M.D., and opinions of the State Agency medical consultants, and are not inconsistent with Dr. Gallardo's opinion.  *(R. at 17-20.)*  The Court finds the ALJ did not give undue weight to Dr. Gallardo's opinion that Plaintiff exhibited symptom magnification.

In the decision, the ALJ found Plaintiff not credible because the "complaints of symptoms which the claimant has stated throughout the record has generally been unpersuasive and inconsistent with the objective medical evidence."  *(R. at 20.)*  The ALJ found Plaintiff not credible for the following reasons, tied to substantial evidence that is supported by the record:

1. Throughout his treatment, Plaintiff was able to return to light duty or sedentary work, with some permanent restrictions including light work, alternate sitting, standing and walking every ½ hour for 1 to 5 minutes at a time between ½ hour periods, no climbing of ladders and no operating of industrial mobile equipment;

2. Dr. Gallardo concluded that Plaintiff exhibited symptom magnification;

3. Plaintiff engaged in daily activities including walking or driving his daughter to school, washing dishes, doing laundry, sweeping and mopping the floor, and checking his daughter's homework although he had to lie down for ½ hour in-between activities;

4. Plaintiff testified he had looked for job placement through the Division of Vocational Rehabilitation (hereinafter "DVR") and that he intended to resume working with DVR to find work;

5. Neurosurgical evaluations indicated Plaintiff was not a surgical candidate.

*(R. at 19-20.)*

11

In arriving at his decision, the ALJ's analysis touched and relied upon the factors of objective medical evidence, daily activities, and continued job seeking activities.  Under the regulations and caselaw, each of these is among the many factors that are appropriate to consider when making residual functional capacity and credibility determinations when the issue is the extent of limitations in light of subjective allegations of disabling pain.  *See, e.g., Social Security Ruling 96-7p*; 1996 WL 374186 at **3, 5 (1996); 20 C.F.R. § 404.1529(c), (d)(4); *see also e.g. Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995); *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

In this case, the ALJ tied his credibility analysis to substantial evidence in the record and explained the reasons for not crediting subjective complaints of pain.  Therefore, this Court will not disturb that finding.  The ALJ need not engage in a point-by-point consideration of every factor identified in the regulations and caselaw.

> [T]he ALJ did not simply recite the general factors he considered, he also stated what specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible.  Contrary to plaintiff's view, our opinion in *Kepler* does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.

*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *see also Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").  The Court will not substitute its judgment for that of the Commissioner.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).

## IV.  Conclusion

In conclusion, the Court **FINDS** that the Commissioner's decision is supported by substantial evidence in the record as a whole and comports with relevant legal standards.  Accordingly, the Court will **AFFIRM** the decision of the Commissioner.

**WHEREFORE, IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 15)* is **DENIED**. A final order will be entered concurrently with the Memorandum Opinion and Order.

**IT IS SO ORDERED.**


**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

13